## NEWTON et al. v. CITY OF GROESBECK. (No. 572.)

Court of Civil Appeals of Texas. Waco. Oct. 6, 1927.

1. Waters and water courses ⊚⇒196—Riparian owners cannot pollute water used for domestic purposes by lower riparian owners and residents of city by establishing public swimming pool (Rev. St. 1925, arts. 4444, 7470–7473).

Riparian owners cannot establish public swimming pool on river or lake, so as to pollute water being used for drinking and domestic purposes by lower riparian owners or residents of city impounding it for them, under Rev. St. 1925, arts. 7470–7473, especially in view of article 4444.

2. Waters and water courses ⊚⇒196—City may restrain pollution of drinking water.

A city has the right to restrain the pollution of its drinking water.

3. Waters and water courses ⊚⇒196—Injunction against swimming pool in river emptying into public water supply held not erroneous for failure to show defendants controlled pool (Rev. St. 1925, arts. 7470–7473).

Judgment permanently enjoining riparian owners from aiding, abetting, or being party in any way to use of swimming pool in river, emptying into lake impounded for use of plaintiff city's citizens under Rev. St. 1925, arts. 7470–7473, held not erroneous for failure to show that defendants were operating, or had any control over, pool, in view of evidence that bathhouse, lockers, towels, etc., rented by them, are useless, unless bathers have privilege of using pool.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. Waters and water courses ⬤196—Occasional bathing would not entitle riparian owners or others to establish bathhouse and pollute waters impounded by city (Rev. St. 1925, arts. 4444, 7470–7473).

That river may have been used occasionally in past by riparian owners or others for bathing would not give such owners or any one else the right to establish a bathhouse and commercialize water, impounded by city, under Rev. St. 1925, arts. 7470–7473, for drinking and domestic purposes, to extent that it would thereby become polluted and unfit for use, in violation of article 4444.

Appeal from District Court, Limestone County; W. R. Boyd, Judge.

Suit by the City of Groesbeck against Mrs. W. H. Newton and others. From a judgment granting a permanent injunction, defendants appeal. Affirmed.

O. F. Watkins, of Mexia, for appellants.
L. W. Shepperd, of Groesbeck, for appellee.

BARCUS, J. Appellee obtained a permanent injunction against appellants, restraining them from "opening, operating, or in any manner aiding, encouraging, and abetting the use of what is known as the Reunion ground swimming pool (near Groesbeck), from renting lockers, towels, and furnishing shower baths for bathers, or in any manner encouraging the use of said pool by the public for bathing purposes." From the permanent injunction so granted appellants have appealed.

In 1921 the city of Groesbeck was by the board of water engineers of the state of Texas granted a permit to build a dam on the Navasota river, and appropriate certain portions of the waters therefrom in order to supply the citizens of Groesbeck with water for drinking and domestic use. A swimming hole was made in the Navasota river on the Reunion grounds, the water from which emptied directly into the lake of water impounded for the use of the citizens of Groesbeck, and a bathhouse was erected, fully equipped with lockers and shower baths for those who used the swimming pool. Appellants had leased the Reunion grounds, together with the bathhouse, and were preparing to rent the lockers and towels and permit the use of the bathhouse and shower baths by those who might use the swimming pool, when the injunction above set forth was granted.

[1,2] Appellants contend that, by reason of their being riparian owners of the land, they were entitled to the use of the waters of the Navasota river for bathing purposes. We overrule this contention. As to whether riparian owners are entitled to use public streams for private bathing purposes is not a question that is involved in this litigation. The real issue is, Can a public swimming pool for commercial purposes be established on a

river or lake and be used by hundreds and thousands of people to the extent that same pollutes the water and makes it unfit for drinking and domestic purposes, and thereby make it unsafe for the riparian owners or those who have legally appropriated the water below the bathhouse or swimming pool to use same? The evidence in this record shows that the extent to which the swimming pool was to be used would without question have contaminated and polluted the drinking water that had been impounded for, and was being used by, the citizens of Groesbeck. Appellants did not show—in fact, not a single witness attempted to testify—that the using of the swimming pool in the way it was contemplated same would be used would not contaminate and pollute the water for drinking and domestic purposes. Our courts have uniformly held that a city has the right to restrain the pollution of its drinking water. Teel v. Rio Bravo Oil Co., 47 Tex. Civ. App. 153, 104 S. W. 420; City of Belton v. Central Hotel Co. (Tex. Civ. App.) 33 S. W. 297; Oriental Oil Co. v. City of San Antonio (Tex. Civ. App.) 208 S. W. 177; 3 McQuillan's Mun. Corp. par. 916; Dunham v. City of New Britain, 55 Conn. 378, 11 A. 354; Martin v. Gleason, 139 Mass. 183, 29 N. E. 664; People v. Hulbert, 131 Mich. 156, 91 N. W. 211, 64 L. R. A. 265, 100 Am. St. Rep. 588. In addition to the holdings of all our courts, the Legislature of this state has specifically stated as part of the law that no one has a right to pollute any water course or other public body of water which is being used for drinking and domestic purposes. Article 4444, Revised Statutes.

[3] Appellants contend that the judgment of the trial court is erroneous, because it is not shown that they were operating or had any control over the swimming pool. We overrule these assignments. The injunction as granted prevents appellants from aiding or abetting, or in any way being a party to the use of the swimming pool. The evidence shows beyond question that the bathhouse, lockers, towels, and shower baths are useless and without value, unless the bathers who rent the lockers and towels and use the shower baths have the privilege of going into and using the swimming hole. The city of Groesbeck admittedly, from the record, has the water rights and owns the water below the swimming hole, in so far as same may be by it obtained under the law with reference to corporations or individuals filing upon and appropriating water under articles 7470 to 7473, inclusive, of the Revised Statutes, and it was for the purpose of keeping the water pure and preventing it from being polluted by its being commercialized and used for bathing purposes that the suit was instituted.

[4] The fact that the Navasota river may

have been in all the days of the past occasionally used by the riparian owners or others for a bath in the old-fashioned way would not give appellants, or any one else, the right to establish a bathhouse and commercialize the water impounded by the city of Groesbeck for drinking and domestic purposes to the extent that the water would thereby become polluted and unfit or unsafe for use.

We have carefully examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.